IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO JAMES HAWLEY,<br>    **Plaintiff** | No. 3:25-CV-0728<br><br>(Judge Munley) |
| v. | |
| BOBBI JO SALAMON, *et al.*,<br>    **Defendants** | |

## ORDER

**AND NOW**, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff Antonio James Hawley's complaint is **DISMISSED** in part, as follows:

    a. Hawley's Eighth Amendment medical indifference and state-law medical malpractice claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

    b. Hawley's Section 1983 civil conspiracy claims regarding medical care are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

    c. Hawley's First Amendment retaliation claims with respect to meal service are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

    d. Hawley's Eighth Amendment conditions-of-confinement claims against Fye, McIntyre, and Lt. Vogt are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

    e. Hawley's unconstitutional policy claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

    f. Hawley's official capacity Section 1983 claims are **DISMISSED** as to all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Any official capacity Section 1983 claim for money damages is likewise **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

    g. Hawley's Section 1983 claims contained in paragraphs 91 through 95 of his complaint—to the extent any are raised—are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The Clerk of Court shall terminate defendants Baylor, Nurse Melissa, Nurse Bitner, Elaine Coffman, Lieutenant Vogt, Major Vangorder, Major Hoover, "Warden" Bobbi Jo Salamon, Deputy Superintendent of Centralized Services Michael Rowe, Deputy Superintendent of Facility Management Woodring, and Unit Manager Cris Miller.

3. Hawley, if he desires, may file an amended complaint within **21 days** of the date of this order that complies with the specific pleading instructions provided in the accompanying Memorandum. Failure to follow those instructions may result in the summary striking or dismissal of any improper amended pleading.

4. If no amended complaint is timely filed, any claims dismissed without prejudice will automatically convert to dismissal with prejudice and this case will proceed on the following individual capacity claims: (1) Eighth Amendment excessive force, state-law assault, and state-law battery against Fye and Jenks; (2) Eighth Amendment conditions of confinement against Sharrow, Michael, and Holden; and (3) First Amendment retaliation against Fye and Jenks.

Date: 7/29/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

2